U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED
JUL 1 9 2006
ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CORNELL AND JULIA WALKER | CIVIL ACTION NO. 04-1402-A |
| -vs- | JUDGE DRELL |
| CITY OF BUNKIE, ET AL. | MAGISTRATE JUDGE KIRK |

RULING

Before the court is a motion for summary judgment filed by the defendants, Officer Reggie Sanders ("Sanders"), Police Chief Mary Fanara ("Fanara"), and the City of Bunkie ("City") [Doc. #36]. The plaintiffs, Cornell and Julia Walker ("Walker"), oppose the motion [Doc. #40]. The defendants filed a reply [Doc. #44]. For the following reasons, the motion for summary judgment will be GRANTED.

FACTUAL AND PROCEDURAL BACKGROUND

The plaintiffs allege that on 8 October 2003 they were driving in a car to purchase ice cream. Second Amending & Supplemental Compl. ¶ 9 [Doc. #21]. While the car was stopped at a stop sign, Sanders, a police officer for the City of Bunkie, allegedly "employed his chemical weapon, commonly referred to as pepper spray and/or mace, and used that weapon on the[sic] Julia Walker, who

was pregnant and a guest passenger in the automobile." Id. Sanders also allegedly arrested the plaintiffs, searched them, assaulted them, battered them, and defamed them. Id. ¶ 10. In addition to the actions of Sanders himself, the plaintiffs allege that "Chief of Police Fanara knowingly, recklessly or with gross negligence failed to properly instruct, supervise and discipline on a continuing basis Defendant Officer Reggie Sanders . . . [and] could have prevented or aid [sic] in the prevention of the wrongs complained of herein by acting with reason and diligence." Id. ¶ 11. Finally, the plaintiffs claim that the "City of Bunkie and Bunkie City Police Department directly or indirectly approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct [of] the Defendant Officer Reggie Sanders." Id. ¶ 12.

On 2 July 2004, the plaintiffs filed their first complaint, alleging violations of the Fourth, Sixth, and Fourteenth Amendments to the United States Constitution and seeking damages under 42 U.S.C. § 1983. Compl. ¶¶ 3, 14 [Doc. #1]. The complaint named as defendants Sanders, Fanara, the Bunkie City Police Department, and unnamed City of Bunkie police officers. The plaintiffs amended the complaint twice, once to add the City of Bunkie as a defendant [Doc. #12] and again to change the date of the alleged incident from 8 October 2004 (which at the time the plaintiffs filed the original complaint was in the future) to 8 October 2003 [Doc. #21].

On 25 January 2005, this court dismissed all claims against the Bunkie Police Department as well as all claims against the unnamed officers [Docs. ##23, 24]. On 7 February 2005, the remaining defendants, Sanders, Fanara, and the City, answered the complaint [Doc. #25].

On 21 March 2005, the plaintiffs moved to amend the complaint a third time to name William "Bill" Mattox ("Mattox"), another Bunkie police officer, as a defendant [Doc. #26].[1] The plaintiffs indicated in their motion to amend [Doc. #26] that Mattox "was mistakenly identified as a fellow police officer, Officer Reggie Sanders." Pls.' Mot. Amend 1. The court denied this motion to amend on 9 May 2005 [Doc. #30] and denied a subsequent motion for reconsideration on 20 June 2005 [Doc. #35]. As such, the complaint before the court contains no reference to Mattox. The plaintiffs have admitted, both in depositions and through their statement of uncontested facts, that Sanders was not involved in the alleged incident in any way [Doc. #40].

On 24 March 2006, the remaining defendants filed a motion for summary judgment seeking dismissal of all remaining claims [Doc. #36]. They argue that because the named officer was admittedly not involved in the alleged incident no liability can result, as the liability against the other defendants was predicated on an injury occurring as a result of Sanders' alleged actions. The plaintiffs

_____

[1] The defendants inform the court that the plaintiffs erroneously refer to Mattox as Maddox. The defendants state that "to remain consistent with plaintiffs' prior pleadings, 'Maddox' will nevertheless be used." Defs.' Mem. 2 n.3. The court will use the proper name, Mattox.

responded to the motion on 3 May 2006 [Doc. #40]. In their response, they do not address the claims against Sanders and instead focus on the claims against Fanara and the City. On 12 May 2006, the defendants replied [Doc. #44].

## LEGAL STANDARDS

### I. Summary Judgment

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50 (1986). A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law." Anderson, 477 U.S. at 248. A dispute about a material fact is considered "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Id. (internal citation and quotation marks omitted).

In making its determination, the court must draw "all justifiable inferences" in favor of the nonmoving party. Id. at 255. Once the moving party has initially shown "that there is an absence of evidence to support the nonmoving party's case," Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986), the nonmoving party must come forward, after adequate time for discovery, with specific facts showing a genuine factual issue for trial. See FED. R. CIV. P. 56(e);

4

see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). Such evidence should create more than a "metaphysical doubt" about the material facts, Matsushita, 475 U.S. at 586 and should be more than a theoretical possibility that the claim is good. Pennington v. Vistron Corp., 876 F.2d 414, 426 (5th Cir. 1989).

The moving party need only point out the absence of evidence supporting the nonmoving party's case, and it "need not *negate* the elements of the nonmovant's case." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). Allegations in the pleadings, naked assertions of factual disputes, and conclusory allegations are not sufficient. See Fontenot v. Upjohn Co., 780 F.2d 1190, 1195-96 (5th Cir. 1996).

While the party opposing the motion may use proof filed by the movant to satisfy his burden, "only evidence – not argument, not facts in the complaint – will satisfy" the burden. Solo Serve Corp. v. Westowne Assocs., 929 F.2d 160, 164 (5th Cir. 1991). "Unsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." Larry v. White, 929 F.2d 206, 211 n. 12 (5th Cir. 1991). Finally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003) (internal citations omitted).

## DISCUSSION

### I. Claims against Sanders

The plaintiffs do not dispute that Sanders was not involved in the alleged incident in any way. Pls.' Statement of Uncontested Facts ¶¶ 1-4, 6. As such, all claims against Sanders will be dismissed with prejudice.

### II. Claims against Fanara

The plaintiffs bring claims against Chief Fanara under federal and state law alleging that she "knowingly, recklessly or with gross negligence failed to properly instruct, supervise and discipline on a continuing basis Defendant Officer Reggie Sanders." Second Amending & Supplemental Compl. ¶ 11.

To demonstrate a failure to train, "the plaintiff must show that: (1) the supervisor either failed to supervise or train the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Estate of Davis ex rel. McCully v. City of N. Richland Hills, 406 F.3d 375, 381 (5th Cir. 2005) (internal quotation marks omitted). The Fifth Circuit requires that "[f]or an official to act with deliberate indifference, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. (internal quotation marks omitted).

This case presents the issue of whether or not liability could exist against Chief Fanara when the complaint fails to allege the underlying liability of the only person against whom there exists any evidence of any wrongdoing, namely Mattox. Putting aside this question for the moment, however, this claim can survive only if the officer committing the alleged infraction was on duty at the time. Otherwise, we could not say Chief Fanara was supervising Mattox at the time of the alleged incident; therefore any theory of liability against her would be misapplied.

The defendants have presented evidence that Mattox was not on duty at the time these events allegedly occurred [Doc. #36]. First, an affidavit from Chief Fanara affirmatively confirms that, during the relevant time frame, "William Mattox (previously identified as "William Maddox") was not on duty with the Bunkie Police department, but rather, was working a private detail." Defs.' Mot. Summ. J., Ex. J.

In addition, the defendants offer a copy of the dispatch sheets from the night in question. Id., Ex. K. These dispatch sheets are not entirely clear in their presentation. The references to these records in Mattox's deposition testimony indicate that he is uncertain as to his duty status on that particular night. The records show what might possibly be Mattox making a traffic stop. The codes on the dispatch sheet are unclear, however, and the details contained in the records

do not establish to any degree of definition that Mattox was on duty at the time the event allegedly took place.

The plaintiffs have come forward with no evidence to rebut the sworn testimony of Chief Fanara that Mattox was working a private security detail that evening. Fanara is entitled to judgment as a matter of law. All claims against Fanara will be dismissed with prejudice.

## III. Claims against the City

Finally, the plaintiffs allege that the City of Bunkie "directly or indirectly approved or ratified the unlawful, deliberate, malicious, reckless and wanton conduct [of] Defendant Officer Reggie Sanders." Second Amending & Supplemental Compl. ¶ 12. Putting aside again the issue of whether such liability is even possible when the person alleged to have committed the underlying infraction is not named in the complaint, vicarious liability is not generally permitted in § 1983 cases. Rios v. City of Del Rio, 444 F.3d 417, 425-26 (5th Cir. 2006). The plaintiffs rest their allegation on what they suggest is a pattern of behavior based on other pending cases. The existence of numerous allegations against a police officer or the police department does not constitute a pattern of behavior without judgments in favor of the plaintiffs. The plaintiffs offer no meaningful evidence of approval or ratification by the City. This reasoning also applies to the state law claims against the City. As such, all claims against the City will be dismissed with prejudice.

## CONCLUSION

Based on the above reasoning, the motion for summary judgment will be

GRANTED. The complaint will be DISMISSED WITH PREJUDICE.

SIGNED on this 17th day of July, 2006, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge