UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION
_____

**CORNELL AND JULIA WALKER**         **CIVIL ACTION NO. 04-1402-A**

**-vs-**                              **JUDGE DRELL**

**CITY OF BUNKIE, ET AL.**            **MAGISTRATE JUDGE KIRK**

R U L I N G

  Before us now is a Motion for Attorney's Fees, Costs and Expenses filed on August 1, 2006 by Defendants: City of Bunkie, Chief Mary Fanara, and Officer Reggie Sanders. Under the circumstances, we find that the motion should be denied for attorney's fees but granted as to certain fixed costs.

  Pursuant to § 1988, "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs" in civil rights proceedings. See 42 U.S.C. § 1988(b). Congress passed this law, in large part, to ensure "effective access to the judicial process for persons with civil rights grievances." Hensley v. Eckerhart, 461 U.S. 424, 429, 103 S.Ct. 1933, 1937 (1983). To that end, the fee provision was intended to "make it easier for a plaintiff of limited means to bring a meritorious suit." Christiansburg Garment Co. v. EEOC, 434 U.S. 412, 420, 98 S.Ct. 694, 700 (1978). However, by allowing attorney's fees to prevailing defendants, Congress also intended the provision "to deter the

bringing of lawsuits without foundation," "to discourage frivolous suits," and "to diminish the likelihood of unjustified suits being brought." Id.

As a result of these competing policy considerations, "the standard for awarding attorney's fees differs if a defendant rather than a plaintiff prevails." White v. Southpark Indep. Sch. Dist., 693 F.2d 1163, 1169 (5th Cir. 1982). Typically, a prevailing plaintiff in a civil rights action is entitled to recover his reasonable attorney's fees, unless there is a showing of special circumstances which would make such an award unjust. See Dean v. Riser, 240 F.3d 505, 508 (5th Cir. 2001). A prevailing defendant, on the other hand, may be awarded attorney's fees only "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." Id. Under this standard, the court need not find subjective "bad faith" on the plaintiff's part to award attorney's fees to a prevailing defendant.

Here, the handling of the litigation was admittedly botched in several significant respects by Plaintiff's, then, lead, counsel. These are described in several rulings from the Court, most notably in Docs. 30, 35, and 47. As the record reflects, the several errors culminated in the denial by Judge Little of a request to add in the ostensibly correct defendant after prescription had run, an action aptly described by the Court as "futile."

There is little guiding jurisprudence on the confecting of an attorney's fee award in a civil rights case in a case of negligence such as occurred here.

2

Defendants believe the negligent handling of the case is sufficient to push it into the frivolous side of the line. We disagree.

What is ostensibly clear from the record is that something unsavory is alleged to have happened to the Walkers in this case. The problems with the case did not surround whether they had a potentially viable claim against someone connected with the Bunkie city law enforcement administration, but rather focused on the "who" of the situation. While the suit against Reggie Sanders may have been effectively torpedoed by the *in limine litis* determination that Sanders was the wrong defendant, we cannot say that the pursuit of potential liability of Mary Fanara was necessarily frivolous, as exhibited by the comments we made regarding the proof posited by Defendants in the form of city records on the motion for summary judgment. The affidavit of Mrs. Fanara WAS sufficient to allow a judgment for Defendants on that motion, but still we cannot say that the Walkers' pursuit of their claim was frivolous, unreasonable or without foundation. Compare Kennedy v. McCarty, 803 F.Supp. 1470 (S.D. Ind. 1992).

In addition, Defendants have failed to present this Court with sufficient documentation for such an award. See Hensley v. Eckerhart, 461 U.S. 424, 437 n. 12 (1983)("[C]ounsel, of course, is not required to record in great detail how much of his time was expended . . . but at least counsel should identify the general subject matter of his time expenditures"). All we have here is a self-styled "good-faith 'fair' estimate" submitted ostensibly in accordance with Federal Rule of Civil

3

Procedure 54(d)(2)(B). Without Defendants' noncompliance with LR 54.2, which requires "a contemporaneous time report reflecting the date, time involved and nature of the services performed," it is impossible for the Court, with the information provided, to calculate the "lodestar" amount in making an award of attorney's fees. See Matter of Fender, 12 F.3d 480, 487 (5th Cir. 1994)(stating that the "lodestar" method for calculating attorney's fees is used in the Fifth Circuit).

On the matter of remaining costs, under Federal Rule of Civil Procedure 54(d), they are documented in Exhibit "M" and are awarded in the amount of $3,063.75. However, the fees of Dr. Gould are denied. The only documentation regarding expert fees is a short statement on page 13 of the brief that says his hiring was "forced" by the retention of an expert by Plaintiff. No explanation of justification was provided about the nature of his expertise, his intended use in the case (consultant for Defendants or trial witness and expected testimony if for trial), documentation of his fees and expenses, nor any other justification for the amounts charged by him. Under these circumstances, an award under 1988(c) is not justified. See Dickerson v. U.S., 280 F.3d 470, 478 (5th Cir. 2002)(recognizing that the district court has broad discretion in determining the appropriateness of an award of attorney's fees and costs).

SIGNED on this 23rd day of February, 2007, at Alexandria, Louisiana.

Dee D. Drell
United States District Judge